IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES BRENT WALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-cv-484 ) |
| DEPUTY F/N/U KOELLIEN, *et al.*, | ) Judge Trauger ) Magistrate Judge Holmes |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Wall filed a pro se complaint alleging violations of his civil rights while he was in pretrial detention at the Dickson County Jail. (Doc. No. 1). Plaintiff has since filed a motion for leave to amend the complaint (Doc. No. 18) and a motion for status (Doc. No. 17). These motions will be granted. Plaintiff's motion for continuance (Doc. No. 22) will be denied. The amended complaint (Doc. No. 18-1) is now the operative complaint in this action and is ready for preliminary review pursuant to 28 U.S.C. § 1915A.

**I.    LEGAL STANDARD**

The court must conduct an initial review and dismiss the amended complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of a complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally

1

construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

This action was filed under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a viable claim under Section 1983, a complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

## II.     ALLEGATIONS AND CLAIMS

In his amended complaint, Plaintiff names 10 defendants: (1) Deputy Koellien; (2) Head Nurse Kim Judy; (3) Nurse Practitioner Robyn Thigpen; (4) X-Ray Technician Jane Doe; (5) Jail Administrator Dewayne Hayes; (6) Deputy Wilson; (7) Deputy Blair; (8) Dickson County; (9) Detective Humphreys; and (10) Detective Gardner. (Doc. No. 18-1 at 2). The suit is based on events that occurred at the Dickson County Jail ("the Jail") where Plaintiff was in pretrial custody. (*Id.* at 11).

Plaintiff alleges that on February 2, 2024, Deputy Koellien tripped him, repeatedly slammed him to the ground, and then kneed him in the ribs. (*Id.* at 13). Throughout the encounter, Plaintiff put his hands behind his back waiting to be handcuffed. (*Id.*) Deputy Blair wrote the

2

incident report. (*Id.* at 15). Detectives Humphrey and Gardner later questioned Plaintiff about the incident and told him they would recall him after viewing the video, but they never did. (*Id.* at 12).

After the incident, Plaintiff was taken to the Jail medical center, where staff took pictures of his injuries, but not his ribs. (*Id.* at 14). When he returned to medical two or three weeks later, Nurse Practitioner Thigpen told Plaintiff he was "all good." (*Id.*) Plaintiff disagreed and requested x-rays, but Nurse Judy denied them. (*Id.*) Plaintiff filed a grievance for x-rays, but Jail Administrator Hayes denied it. (*Id.*) Ultimately, Plaintiff did receive x-rays, but the x-ray technician reported no evidence of a present or past rib fracture. (*Id.*)

Approximately two months after his injury, Plaintiff was transferred to the intensive care unit at Skyline Medical Center, where a physician told him that he had "an old rib injury." (*Id.* at 14−15). Deputy Wilson told the physician that he did not have to report the rib injury, but the physician explained that he did. (*Id.* at 15). Until he was taken to Skyline, Plaintiff received only three doses of ibuprofen as treatment for his rib injury. (*Id.*)

### III.  ANALYSIS

Plaintiff has alleged sufficient facts to allow some, but not all, of his claims to continue. The court addresses the dismissed claims before setting forth the claims that will proceed.

A.  <u>Claims to be dismissed</u>

Plaintiff's claims against Dickson County, as well as all official-capacity claims against Dickson County employees (Koellien, Hayes, Wilson, Blair, Humphreys, and Gardner), will be dismissed for failure to state a claim upon which relief may be granted. An official capacity suit is, in all respects other than the name, to be treated as a suit against the entity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). To state a Section 1983 claim against Dickson County, Plaintiff must allege facts from which the court may reasonably infer that Plaintiff's

3

Case 3:24-cv-00484    Document 26    Filed 06/25/25    Page 3 of 9 PageID #: 116

"'constitutional rights were violated and that a policy or custom' of [Dickson County] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). Plaintiff does not allege facts from which the court may infer that any Dickson County policy or custom was the moving force behind any constitutional injury he suffered. He has therefore failed to state a viable claim against Dickson County—which means he has also failed to state a viable claim against the Dickson County employees in their official capacities.

Plaintiff's official-capacity claims against medical staff (Nurse Judy, Nurse Practitioner Thigpen, and X-Ray Technician Jane Doe) likewise will be dismissed for failure to state a claim upon which relief may be granted. Reading the amended complaint in the light most favorable to Plaintiff, the court construes these "official-capacity" claims as claims against the private entities that employ the named defendants. *See Powell v. Woodard*, No. 17-6212, 2018 WL 5098824, at *2 (6th Cir. May 21, 2018) (construing official-capacity claims against individuals employed by private entity as claims against the private entity). Plaintiff alleges that Southern Health Partners employs Nurse Judy and Nurse Practitioner Thigpen and that Horizon Medical Center likely employs X-Ray Technician Jane Doe. (Doc. No. 18-1 at 3−4). The same standards governing Section 1983 claims against Dickson County apply to claims against these private entities. *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 520 (6th Cir. 2020). Thus, to proceed on these claims, Plaintiff must allege some corporate policy or custom that was the moving force behind his constitutional injury. *Street v. Corr. Corp. of America*, 102 F.3d 810, 817 (6th Cir. 1996). He has not made any such allegation, so he has failed to state a viable Section 1983 claim against Southern Health Partners or Horizon Medical Center.

Plaintiff's individual-capacity claims against Deputy Wilson, Deputy Blair, Detective Humphreys, and Detective Gardner will be dismissed for failure to state a claim upon which relief may be granted. "To prevail in a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant was personally involved in the alleged constitutional violations." *Abu-Joudeh v. Schneider*, 954 F.3d 842, 850 (6th Cir. 2020) (quotation marks and brackets omitted). Plaintiff does not allege in the amended complaint that any of these defendants was personally involved in the alleged excessive force or denial of constitutionally adequate medical care. At most, Plaintiff alleges that these defendants failed to take action to investigate or address past wrongdoing. But "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). He has therefore failed to state a viable claim under Section 1983 against these defendants.

Finally, Plaintiff's individual-capacity claim against Jail Administrator Hayes is dismissed for failure to state a claim upon which relief may be granted. Construing the amended complaint in the light most favorable to Plaintiff, it alleges that Jail Administrator Hayes delayed Plaintiff's requested x-ray, thereby prolonging the denial of treatment for his injuries. (*See* Doc. No. 18-1 at 14) ("I filed a grievance for x-rays with Chief Hayes, was denied at first, but later was x-rayed."). To state a viable Fourteenth Amendment claim based on the denial of medical care to a pretrial detainee, a plaintiff must allege "(1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or recklessly failed to act reasonably to mitigate the risk the serious medical need posed." *Grote v. Kenton County, Kentucky*, 85 F.4th 397, 405 (6th Cir. 2023) (quotation marks omitted). "Generally, non-medically trained officers do not act with deliberate indifference to a detainee's medical needs when they reasonably defer to a medical professional's diagnosis or

5

treatment." *Id.* at 412 (quotation marks and brackets omitted). Such deference may be unreasonable if "the officer is aware of additional information concerning an incarcerated person's condition, or if the medical professional rendered their opinion prior to changed circumstances." *Id.* Here, Plaintiff makes no allegations from which the court could infer that Jail Administrator Hayes had such information or that Plaintiff's circumstances had changed after the medical staff's decision not to order an x-ray. And Plaintiff does not allege any other reason Jail Administrator Hayes might have had to override the medical staff's diagnosis and treatment plan. Accordingly, Plaintiff has failed to state a viable claim against Jail Administrator Hayes.

B.  <u>Claims to proceed</u>

Plaintiff has alleged facts sufficient to state a Fourteenth Amendment excessive force claim against Deputy Koellien. "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396−97 (2015). Here, Plaintiff alleges that Deputy Koellien tripped him, slammed him to the ground, and kneed him in the ribs despite Plaintiff's attempt to comply with orders. Based on these allegations, Plaintiff has stated a viable Fourteenth Amendment excessive force claim. This claim shall proceed against Deputy Koellien in his individual capacity only.

Plaintiff has also alleged facts sufficient to state Fourteenth Amendment claims against Head Nurse Judy, Nurse Practitioner Thigpen, and X-Ray Technician Jane Doe for denial of adequate medical care. *See Grote*, 85 F.4th at 405. To state a viable Fourteenth Amendment claim based on the denial of medical care to a pretrial detainee, a plaintiff must allege "(1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or recklessly failed to act reasonably to mitigate the risk the serious medical need posed." *Grote*, 85 F.4th at 405. Here, Plaintiff alleges

6

that Nurse Judy and Nurse Practitioner Thigpen provided almost no treatment for his broken ribs and other injuries and that X-Ray Technician Jane Doe failed to properly diagnose his broken rib. Construing these allegations in the light most favorably to Plaintiff, the court finds them sufficient to state a Fourteenth Amendment claim against each defendant. These claims shall proceed against Head Nurse Judy, Nurse Practitioner Thigpen, and X-Ray Technician Jane Doe in their individual capacities only.

Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed but may be determined through discovery. *See Berndt v. Tenn.*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the claims against the Jane Doe defendant at this juncture because of the likelihood that the identity of this Defendant will be determined during discovery.[1]

## IV. CONCLUSION

Plaintiff's motion for leave to amend the complaint (Doc. No. 18) and motion for status (Doc. No. 17) are **GRANTED**. The amended complaint (Doc. No. 18-1) is now the operative complaint in this action.

Plaintiff's motion for continuance (Doc. No. 22) is **DENIED**. If Plaintiff requires additional time to complete any action ordered by the court or required by the Federal Rules of Civil Procedure or the Local Rules, he may seek additional time by filing a written motion for extension of time.

---

[1] Plaintiff's claims against the "Jane Doe" defendant may be barred by the Tennessee's one-year statute of limitations on tort claims. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The court makes no finding on this matter in its initial review of the amended complaint.

The court has screened the amended complaint pursuant to the PLRA and finds that the amended complaint fails to a state a Section 1983 claim upon which relief can be granted against any defendant in their official capacity and also fails to state a Section 1983 claim upon which relief can be granted against defendants Dewayne Hayes, Deputy Wilson, Deputy Blair, Dickson County, Detective Humphreys, and Detective Gardner in their individual capacities. All such claims are therefore **DISMISSED** for failure to state a claim upon which relief may be granted.

The complaint states viable Fourteenth Amendment claims under Section 1983 against defendants Deputy Koellien, Head Nurse Kim Judy, Nurse Practitioner Robyn Thigpen, and X-Ray Technician Jane Doe in their individual capacities. Those claims therefore **SHALL PROCEED**.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each remaining defendant. The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons(es) to the U.S. Marshals Service for service on the defendant(s). Fed. R. Civ. P. 4(b) and 4(c)(3).

The Clerk is **DIRECTED** to add Head Nurse Kim Judy, Nurse Practitioner Robyn Thigpen, and X-Ray Technician Jane Doe as defendants on the docket.

Plaintiff is advised that process cannot be served upon any Jane Doe Defendant until the actual individual involved in the alleged incident has been properly identified. Plaintiff is put on notice of his obligation to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual name of the as-yet fully identified Defendant, and to file a timely motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend his

complaint to correctly identify this Defendant by her full name once the name is ascertained, and to effect timely service of process upon the individual as required by Federal Rule of Civil Procedure 4(m).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Upon referral, if appropriate the Magistrate Judge may provide for early, limited discovery to be served by Plaintiff to ascertain the identity of the Jane Doe Defendant and should set a deadline for Plaintiff to amend his complaint to identify this individual by name and thereafter to effect service on these Defendant. Despite the issuance of process, the Magistrate Judge may sua sponte recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the clerk's office informed of his current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge