IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JAMES BRENT WALL | ) | |
| | ) | |
| v. | ) | NO. 3:24-cv-00484 |
| | ) | Trauger/Holmes |
| DEPUTY F/N.U KOELLIEN *et al.* | ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered June 25, 2025 (Docket Entry No. 26), the Court referred this *pro se* and *in forma pauperis* civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice for lack of service of process upon the defendants.

James Brent Wall, ("Plaintiff"), filed this lawsuit *pro se* and *in forma pauperis* while confined at the Dickson County Jail ("Jail") as a pretrial detainee.[1] He seeks relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights alleged to have occurred at the Jail. Upon the Court's initial review of the lawsuit, the Court dismissed several claims and defendants but found that Plaintiff stated arguable civil rights claims against four defendants and directed Plaintiff to return completed service packets to the Clerk's Office within 30 days of the Order so that process could issue to the defendants.

Plaintiff did not return service packets to the Clerk's Office. Instead, on September 12, 2025, he filed a motion "to subpoena records" (Docket Entry No. 29), stating he needs a subpoena

---

[1] Plaintiff's most recent change of address notices indicates that, as of April 29, 2025, he is no longer confined. *See* Docket Entry No. 24.

to obtain records from the Jail, asserting that he needs the address of one of the Defendants, and asking for the Court's assistance in "obtaining my information." *Id*.

By Order entered December 16, 2025 (Docket Entry No. 30), the Court conditionally granted the motion, directing the Clerk to send Plaintiff a blank subpoena that he was to fill out and return it to the Clerk in order for the subpoena to issue. In the Order, the Court also again advised Plaintiff that:

> he **MUST** complete the service packets for Defendants and return them to the Clerk's Office within **30 DAYS** of the entry of this Order. Plaintiff has already had an effective extension of several months to return service packets, and his failure to timely return completed service packets may result in the dismissal of this case. (emphasis in original)

*Id*. at 2. To date, Plaintiff has not returned a completed subpoena or returned completed service packets as directed by the Court. His most recent filing in the case was on September 12, 2025, when he filed the motion for a subpoena.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Despite two directives from the Court to return completed service packets for the defendants by a date certain and despite specific warnings from the Court that his case may be dismissed if he fails to comply with the directives, Plaintiff has not returned completed service

packets. It has now been over seven months since the Court conducted its initial screening and directed that process should issue to the defendants upon Plaintiff's return of the completed service packets.

Because Plaintiff has twice not returned completed service packets as directed by the Court and has not taken the necessary steps to have the defendants served with process within the time period set out in Rule 4(m), this action must be dismissed in accordance with the plain language of Rule 4(m). Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules that are applicable to all litigants, see *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, he specifically "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 Fed.App'x 285, 287 (6th Cir. 2001). He has not met this burden, and dismissal of the action is warranted under Rule 4(m). *See Walker v. Donahoe*, 528 Fed.App'x 439, 440-41 (6th Cir. 2013) (affirming the district court's decision to dismiss case because the plaintiff failed to timely perfect service

## RECOMMENDATION[2]

The Court respectfully **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the

---

[2] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause for why the action should not be dismissed under Rule 4(m).

specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
**_J. Gregory Wehrman_**
**United States Magistrate Judge**